UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------X
FEDERAL INSURANCE COMPANY
as subrogee of PMC GLOBAL INC.,

                                      Plaintiff,

   -against-

RT&T Logistics, Inc. and S AT I LLC,

                                 Defendants.

-------------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**JURY DEMANDED**

      Plaintiff, Federal Insurance Company as subrogee of PMC Global Inc., by its attorneys, Cozen O'Connor, as and for its complaint herein, alleges the following upon information and belief:

## THE PARTIES

1.     Plaintiff, Federal Insurance Company (hereinafter "Plaintiff" or "Federal"), as subrogee of PMC Global Inc., is a foreign corporation duly organized and existing under the laws of the State of Indiana, with its domiciliary address at One American Square, 202 N. Illinois Street, Suite 2600, Indianapolis, Indiana 46282, which has its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

2.     Federal, at all times relevant hereto, was and is engaged in business as an insurer and licensed to issue policies of insurance in the State of New Jersey.

3.     The subrogee, PMC Global Inc., (hereinafter "PMC") is a California company, and was and is engaged in, *inter alia*, the manufacture and sale of machinery.

4.   At all times material hereto, the Defendant RT&T Logistics, Inc., (hereinafter "RT&T") is a foreign corporation and has its principal place of business at 300 Data Court, Dubuque, Iowa 52003, and was and is engaged in, *inter alia*, business as a freight forwarder and transportation broker.

5.   At all times material hereto, the Defendant S AT I LLC,(hereinafter S AT) is a foreign corporation and has its principal place of business at 9431 West Beloit Road, Milwaukee, Wisconsin, and was and is engaged in, *inter alia*, business as a common carrier, trucker and bailee of goods for hire.

## JURISDICTION AND VENUE

6.   The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and the costs of the action.

7.   The jurisdiction of this court is also invoked pursuant to 28 U.S.C. §1337, as this action involves liability of a motor carrier for loss or damage to goods transported in interstate commerce under U.S.C. §14706, and the amount in controversy exceeds $10,000.00, exclusive of interest and the costs of the action.

8.   Venue is proper pursuant to 49 U.S.C. §14706 as this is a judicial district in the State through which the Defendants carriers operate.

9.   Venue is also proper pursuant to 28 U.S.C. §1391 in that the contract called for performance in this district, a substantial part of the events or omissions giving rise to the claims

herein occurred in this district and the Defendants are subject to personal jurisdiction within this district.

## FACTS COMMON TO ALL COUNTS

10. On or about May 15, 2015, PMC engaged RT&T to transport certain merchandise (the "Cargo") from 2 Komo Drive, Lakewood, New Jersey to 249 McCarty Drive, Houston, Texas.

11. In turn, RT&T subcontracted the contract and/or brokered the load and retained S AT to transport the Cargo as common carrier.

12. RT&T failed to ensure that S AT was adequately insured for the transportation of the Cargo.

13. On or about May 15, 2015, S AT accepted and agreed to deliver the Cargo to the agreed place of delivery.

14. S AT received the Cargo in good order and condition. S AT received the Cargo, free of exceptions or other notations for damage or shortage.

15. Thereafter, S AT and S AT's subcontractors, employees and/or agents negligently, carelessly, recklessly transported the Cargo.

16. Specifically, while transporting the Cargo, S AT's subcontractors, employees and/or agents negligently, carelessly, recklessly and/or intentionally caused the Cargo to strike an overpass located on the New Jersey interstate, causing damage to the Cargo.

17. Thereafter, S AT and S AT's subcontractors, employees and/or agents negligently, carelessly, recklessly and/or intentionally failed to deliver the goods to the agreed place of delivery in good order and condition.

18. The Defendants later reported that Cargo was damaged in-transit.

19. S AT does not carry sufficient insurance with respect to the value of the Cargo and cannot reimburse PMC or its subrogee for the loss.

20. Federal Insurance was the insurer of the owner of aforesaid Cargo and brings this action on its own behalf and as Plaintiff is entitled to maintain in this action.

21. As a result of the damage to the Cargo, PMC filed a claim with Federal Insurance under its policy of insurance, and Federal Insurance paid PMC an amount in excess of Four Hundred Twenty Thousand One Hundred Thirty-Two Dollars and Fifty Cents ($420,132.50).

22. Pursuant to the terms of the insurance contracts, and otherwise by operation of law, Federal Insurance is contractually, legally and equitably subrogated, to the extent of its payments, to PMC's rights against and RT&T and S AT to recover for the amounts paid as a result of the loss.

## FIRST CAUSE OF ACTION

### Breach of Contract

23. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" above, as if more fully set forth herein.

24. RT&T and S AT received the Cargo in good order and condition and contracted and otherwise agreed to perform the transportation and/or storage of the Cargo and deliver same in accordance with the aforementioned agreement in the same good order and condition received.

25. The Cargo was delivered short, missing, and/or damaged, due to RT&T and S AT's failure to comply with the terms and agreements made with PMC for the protection, insurance storage and care of the cargo, entrusted to RT&T and S AT's possession, or the possession of its agents, employees, and/or servants.

26. Further, RT&T failed to properly investigate S AT as a common carrier and failed to ensure that S AT carried sufficient insurance to cover the value of the Cargo and any loss thereto.

27. RT&T and S AT's actions and/or omissions breached the contract.

28. As a result of RT&T and S AT's breach of contract, the Plaintiff sustained damages in an amount in excess of Four Hundred Twenty Thousand One Hundred Thirty-Two Dollars and Fifty Cents ($420,132.50).

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of Four Hundred Twenty Thousand One Hundred Thirty-Two Dollars and Fifty Cents ($420,132.50), together with pre-judgment and post judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order and deem just and equitable.

## **SECOND CAUSE OF ACTION**

### **Breach of Bailment Obligations**

29. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" above, as if more fully set forth herein.

30. RT&T and S AT were acting as bailees of PMC's merchandise or otherwise had a duty to care for the aforementioned merchandise at the time it was damaged. RT&T and S AT thereby warranted and had a legal duty to safely keep, care for, and deliver the merchandise in the same condition as when entrusted to it, and to perform their services with reasonable care and in a non-negligent and workman-like manner.

31. RT&T and S AT breached those obligations and negligently failed to store, handle secure, and deliver the Cargo to PMC or its designee.

32. By reason of the foregoing, the Plaintiff sustained damages in an amount in excess of Four Hundred Twenty Thousand One Hundred Thirty-Two Dollars and Fifty Cents ($420,132.50).

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of Four Hundred Twenty Thousand One Hundred Thirty-Two Dollars and Fifty Cents ($420,132.50), together with pre-judgment and post judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order and deem just and equitable.

## **THIRD CAUSE OF ACTION**

### **Common Law Negligence, Carelessness or Recklessness**

33. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" above, as if more fully set forth herein.

34. RT&T and S AT were acting as bailee or carrier or otherwise had a duty to care for the Cargo at the time it was lost or damaged.

35. RT&T and S AT acted negligently, recklessly, carelessly and/or engaged in intentional misconduct in that RT&T and S AT, their agents and/or employees knowingly, negligently and/or recklessly failed to ensure that the Cargo would be adequately stored, handled, secured, and delivered to prevent any loss or damage thereto.

36. By reason of the foregoing negligence, carelessness and/or recklessness, the Plaintiff sustained damages in an amount in excess of Four Hundred Twenty Thousand One Hundred Thirty-Two Dollars and Fifty Cents ($420,132.50).

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of Four Hundred Twenty Thousand One Hundred Thirty-Two Dollars and Fifty Cents ($420,132.50), together with pre-judgment and post judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order and deem just and equitable.

## FOURTH CAUSE OF ACTION

## Breach of Contract and of Duties under the Carmack Amendment, a Law of the United States

37. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" above, as if more fully set forth herein.

38. The Defendants received the Cargo in good order and condition and contracted and otherwise agreed to perform the transportation and/or storage of the Cargo and deliver the Cargo in accordance with the aforementioned agreement in the same good order and condition received.

39. At all times relevant hereto, Defendants owed Plaintiff's insured as Owner and Consignee, a duty to properly arrange, carry, transport and deliver the Cargo in the same good order and condition in which the Cargo was received pursuant to the terms and conditions of the bill of lading and pursuant to its obligations as a common carrier of goods for hire under 49 U.S.C §14076, the Carmack Amendment.

40. Notwithstanding said duties and in breach thereof, the Defendants did not properly transport and deliver the shipment in the same good order and condition as required under the bill of lading and the Carmack Amendment.

41. As a direct and proximate result of the Defendants' breach of its duties, the Defendants failed to make delivery of the aforementioned shipment in the same good order and condition as when received.

42. By reason of the foregoing, the Plaintiff has sustained damages in an amount in excess of Four Hundred Twenty Thousand One Hundred Thirty-Two Dollars and Fifty Cents ($420,132.50).

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of Four Hundred Twenty Thousand One Hundred Thirty-Two Dollars and Fifty Cents ($420,132.50), together with pre-judgment and post judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order and deem just and equitable.

**WHEREFORE**, the Plaintiff requests:

(a) That process in due form of law may issue against the Defendants citing it to appear and answer all matters aforesaid;

(b) That judgment be entered in favor of Plaintiff and against Defendants for the amount of damages stated in this complaint, together with interest and costs and disbursements of this action; and

(c) Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
July 13, 2016

COZEN O'CONNOR

*Attorneys for Plaintiff*

By: _____
Robert W. Phelan, Esq.
457 Haddonfield Road
Suite 300
Cherry Hill, New Jersey 08002-2220
(856) 910-5000

LEGAL\27373181\1 00012.0002.000/377164.000