UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br>as subrogee of PMC GLOBAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RT&T LOGISTICS, INC. and<br>S AT I LLC,<br><br>Defendants. | CIVIL ACTION NO. 16-4241 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

Federal Insurance Company as subrogee of PMC Global, Inc. ("Plaintiff") brought this action against RT&T Logistics, Inc. ("RT&T") and S AT I LLC ("S AT," and together with RT&T, "Defendants") for, *inter alia*, breach of contract after S AT allegedly damaged cargo it was transporting. (Dkt. 1 at 3–4.)[1] S AT failed to timely respond to the Complaint, and Plaintiff requested entry of default. (Dkt. 13.) The Clerk of the Court entered default in favor of the Plaintiff in accordance with Fed. R. Civ. P. 55(a). (See entry following dkt. 13.) Plaintiff has now moved for default judgment against S AT in the amount of $370,350.00, plus prejudgment interest. (Dkt. 14-2.) We have reviewed the submissions made in support of the motion, and decide the motion without oral argument. See L. Civ. R. 78.1(b). For the reasons below, we will deny without prejudice Plaintiff's motion for default judgment.

---

[1] The Court will cite documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers as "dkt." Pincites reference ECF pagination.

1

**I.     Legal Standard**

"Once a party has defaulted, the consequence is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 n. 6 (3d Cir. 2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering default judgment, the court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 522 (3d Cir. 2006).

**II.     Analysis**

We conclude that default judgment is inappropriate at this time because Defendant RT&T is actively litigating this case and Plaintiff's claims against the two Defendants are intertwined.  As we have previously explained, "[w]here the motion for default judgment is made as to only one defendant in a multi-defendant case, 'the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on [the] merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.'" Alpine Fresh, Inc. v. Jala Trucking Corp., 181 F. Supp. 3d 250, 257–58 (D.N.J. 2016) (quoting Animal Sci. Products, Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp., 596 F.Supp.2d 842, 849 (D.N.J. 2008)); see also Charles A. Wright et. al., 10A Fed. Prac. & Proc. Civ. § 2690 (3d ed. 2015) ("judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted").

Denying default judgment at this time is in line with the Third Circuit's stated preference that cases be disposed of on the merits.  Chanel, 558 F. Supp. 2d at 535.  It is also particularly appropriate here where the Defendants may be jointly or severally liable for the damages sought.  The claims in the Complaint were brought against both RT&T and S AT.  Should the claims against RT&T fail on their merits, we would be faced with the risk of inconsistent judgments if we granted default judgment against S AT.  See, e.g., Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3d Cir. 1986).  The risk of inconsistent judgments is only compounded where, as here, RT&T has cross-claimed

3

against S AT for contribution and indemnification. (Dkt. 6 at 8–9.) See Alpine Fresh, 181 F. Supp. 3d at 258 (declining to grant default judgment and noting pending cross-claims between defendants).

Before imposing the "extreme sanction" of default judgment, we would also need to undertake an inquiry into whether the party subject to default has a meritorious defense. Teamsters Pension Fund of Phila., 2011 WL 4729023, at *4. In light of RT&T's active litigation of this case, we need not address now the merits of various defenses that may exist, including those raised by RT&T as affirmative defenses. (Dkt. 6 at 7.) For the same reason, we need not evaluate other issues that appear on the face of the Complaint, such as whether some or all of the Plaintiff's claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706, or other laws. See, e.g., Ameriswiss Tech., LLC v. Midway Line of Illinois, Inc., 888 F. Supp. 2d 197, 204–08 (D.N.H. 2012) (holding that certain state law claims were preempted by Carmack Amendment and Interstate Commerce Commission Termination Act).

Although we decline to grant default judgment against S AT for the reasons above, we also note that Plaintiff's motion for default judgment appears to be deficient for lack of proper service. "Before the Court can enter default judgment, it must find that process was properly served on the Defendant[s]." Teamsters Pension Fund of Phila., 2011 WL 4729023, at *2. Corporations may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Mailing a copy of the Complaint via certified mail or delivering a copy of the Complaint

to an unidentified representative of the company is insufficient service under Rule 4 of the Federal Rules of Civil Procedure. See Taveras v. Resorts Int'l Hotel, Inc., No. 07-4555, 2008 WL 577291, at *1 (D.N.J. Feb. 29, 2008). The Affidavit of Service submitted in this case does not identify whether the Complaint was served on agent authorized to receive service of process. (Dkt. 14-5.) Accordingly, it is not clear whether Defendant S AT has been properly served as required for us to enter default judgment.[2]

---

[2] We also note that the Complaint does not adequately allege diversity subject matter jurisdiction under 28 U.S.C. § 1332(a). Under that statute, "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy that exceeds the statutory threshold. Schneller v. Crozer Chester Med. Ctr., 387 Fed. App'x 289, 292 (3d Cir. 2010). The Complaint states that Plaintiff Federal Insurance Company is an Indiana corporation whose principal place of business is in Pennsylvania. (Dkt. 1 at 1.) With regard to Defendants, however, the Complaint alleges only that Defendant RT&T is a foreign corporation with a principal place of business in Iowa and that Defendant S AT is a foreign corporation with a principal place of business in Wisconsin. (Id. at 2.) (RT&T's Answer inexplicably declined to provide information on its state of incorporation or principal place of business. (Dkt. 6 at 1.)) This is insufficient information to determine whether diversity jurisdiction exists. A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). The citizenship of LLCs for diversity purposes is determined by the citizenship of each of its members. Id. at 418. Because the Complaint does not contain any allegations related to the members of S AT, which appears to be an LLC, we cannot determine whether we have the complete diversity of citizenship required for jurisdiction under § 1332(a).

We do note, however, that we have subject matter jurisdiction over this case under 49 U.S.C. § 14706 and 28 U.S.C. § 1367. Count four of the Plaintiff's Complaint is a claim under the Carmack Amendment. (Dkt. 1 at 8.) The Carmack Amendment provides for liability of common carriers for damage to or loss of goods during shipment. S & H Hardware & Supply Co. v. Yellow Transp., Inc., 432 F.3d 550, 554 (3d Cir. 2005). District courts have jurisdiction to hear civil actions brought under the Carmack Amendment so long as the amount in controversy exceeds $10,000. See Mrs. Ressler's Food Prod. v. KZY Logistics LLC, No. 16-2173, 2017 WL 167464, at *1 (3d Cir. Jan. 17, 2017). see also 28 U.S.C. 1337(a); 49 U.S.C. § 14706(d)(3). We conclude that we have jurisdiction to hear Plaintiff's Carmack Amendment claim, and the Complaint satisfies the amount in controversy requirement for such claims under 28 U.S. § 1337(a). We exercise supplemental jurisdiction over the other claims in the Complaint because they arise from a common set of facts and accordingly "form part of the same case or controversy." See 28 U.S.C. § 1367; see also Intercargo Ins. Co. v. Burlington N. Santa Fe R.R., 185 F. Supp. 2d 1103, 1110 (C.D. Cal. 2001) (extending supplemental jurisdiction to claims related to Carmack Amendment claim).

5

## CONCLUSION

For the reasons stated above, we will deny without prejudice Plaintiff's motion for default judgment and issue an appropriate Order.

    s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

**Dated:** June 22, 2017